UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                                           93-cr-181 (PKC)

        -against-

                                                                                  ORDER ON RECONSIDERATION

EL SAYYID NOSAIR,

                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        On April 13, 2022, the Court issued an Order that denied the motion of defendant El Sayyid Nosair for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "Order"). (Docket # 1226.) The Order observed that Nosair had not demonstrated extraordinary and compelling circumstances warranting a sentencing reduction, and that even if he had, the factors set forth at 18 U.S.C. § 3553(a) weighed against the application. (See id.) The Court also observed that while Nosair claimed to have been rehabilitated in prison, his application did not express remorse for the murder of Meir Kahane or the shooting of two other victims, nor did it disavow his adherence to violent Islamic extremism. (Id. at 7-8.)

        Nosair moves for reconsideration of the motion. (Docket # 1227, 1228.) He emphasizes his status as a pro se litigant and states that he expected his application would require the Court to hold an evidentiary hearing, at which point he intended "to demonstrate his Remorse for his crimes and the loss of life therein . . . ." (Id. at 2.) Nosair states that he has "sent letters of remorse, asking for forgiveness to the family of Meir Kahane, care of the Jewish Defense league to forward," and that he has sent letters to public officials "all for which details that he is sorry for the loss of life caused by his hand" and that he "now understands the value of life and proposes ways on how to stop and combat the spread of radical islam within the United States

1

and abroad." (Id.) Nosair requests that the Court reconsider its denial of his motion, or, alternatively, to permit him to file a renewed motion that more fully documents his remorse. (Id.)

Nosair's motion annexes a declaration from Antonio Akel, a fellow inmate at U.S.P. Big Sandy, who describes himself as "head law clerk for the education Department" at the facility. (Id. Appendix. A.) Akel states that he believes Nosair is sincerely sorry for his past actions, does not "condone any form of radical Islamist and that he is indeed remorseful for the loss of life in his case and even ashamed as well as disgusted with himself for having such a deluded concept, albeit brainwashed into him by Omar Abdel Rahman, of these Great United States." (Id.)

For the purposes of this motion, the Court assumes the sincerity of Nosair's professions of remorse. The Court also assumes that Nosair has sincerely disavowed any and all adherence to extremist ideology. The motion is nevertheless denied because, as stated in the Order, rehabilitation alone is not an extraordinary and compelling circumstance that warrants a sentencing reduction, although it may be considered alongside other factors. See 28 U.S.C. § 994(t); United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020).[1] For the reasons explained in the Order, the circumstances of the Covid-19 pandemic and Nosair's health conditions do not constitute extraordinary and compelling circumstances that warrant a sentencing reduction. Nosair's full rehabilitation therefore would not warrant a reduction of his sentence. As the Order also explained, the motion was also denied based on the factors set forth at 18 U.S.C. § 3553(a), which weigh heavily against the application. See United States v. Keitt,

---

[1] See United States v. Moe, 2008 WL 1850650 (E.D.N.Y. Apr. 24, 2008) (Dearie, J.) ("unqualified acceptance of responsibility and genuine remorse are the indispensable platform on which any claim of rehabilitation must rest . . . ."). Even if remorse alone could amount to an extraordinary and compelling circumstance, it would not alter the totality of facts presented here.

2

21 F.4th 67, 69 (2d Cir. 2021) ("when a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.").

The motion for reconsideration is therefore DENIED. The Clerk is directed to terminate the motion. (Docket # 1227, 1228.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
May 18, 2022


COPY MAILED TO:

El Sayyid Nosair
Reg. # 35074-054
USP Big Sandy
1197 Airport Road
Inez, KY  41224